### Gonzalez v. Williamsport Hospital

578

*Anthony J. Grieco,* for plaintiffs.
*John M. Humphrey,* for defendant hospital.

FRANKSTON, *Administrator,* March 25, 1980—The issue presently before us concerns the question of whether or not the Arbitration Panels for Health Care should retain jurisdiction over that portion of plaintiffs' complaint against a hospital which alleges negligence in failing to properly maintain the floors of the lavatory adjacent to the snack shop.

On September 1, 1979 plaintiffs, Thomas J. Gonzalez and Sharon L. Gonzalez, filed a complaint against the Williamsport Hospital (defendant-hospital) and Robert G. Stevens, M.D. (defendant-doctor) alleging various acts of negligence. On September 19, 1979 defendant-hospital filed preliminary objections asserting that the Arbitration Panels for Health Care did not have jurisdiction over what it characterized as "slip and fall" cases. Thereafter, on September 28, 1979 defendant-doctor filed preliminary objections containing a demurrer to plaintiffs' complaint for failure to state a cause of action and a motion to strike plaintiffs' ad damnum clause for failure to conform to Pa.R.C.P. 1044(b). After the timely submission of briefs by all parties hereto, on January 14, 1980 we sustained defendant-doctor's demurrer and motion to strike necessitating the amendment of plaintiffs' complaint. We deferred consideration of the question of subject matter jurisdiction as to defendant-hospital's liability as a landowner pending the filing of plaintiffs' amended complaint. On February 5, 1980 plaintiffs filed their amended complaint

and thereafter on March 5, 1980 defendant-doctor filed his answer thereto. On February 19, 1980 defendant-hospital refiled its preliminary objections raising the question of our subject matter jurisdiction and by letter dated March 6, 1980 adopted its previously filed brief in support of its preliminary objections. Similarly, on March 14, 1980 plaintiffs adopted their previously filed brief in opposition to the instant preliminary objections.

Defendant-hospital urges us to dismiss that portion of plaintiffs' claim against the hospital which relates solely to its alleged negligence of failing to properly maintain the floor of a lavatory adjacent to the snackbar in which wife-plaintiff fell and sustained injuries to her back. Defendant-hospital posits that the Arbitration Panels for Health Care are without subject matter jurisdiction since the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. § 1301.101 et seq., does not grant the Arbitration Panels jurisdiction against health care providers other than in instances of medical malpractice, and in particular, said act does not provide for jurisdiction in "slip and fall" cases.

The relevant portions of the allegations contained in plaintiffs' complaint can be summarized as follows: As a result of injuries sustained in a previous accident, plaintiff, Sharon L. Gonzalez, visited defendant-hospital on July 8, 1977 and was examined and X-rayed by defendant-doctor. Subsequent to the examination, defendant-doctor informed wife-plaintiff that, in his opinion, the X-rays were benign, that she need not be admitted to the defendant-hospital and that she could return to her home. After leaving the Department of Physical Medicine and Rehabilitation, wife-plaintiff entered the lavatory adjacent to the snack shop and due to

the wet and slippery condition of the lavatory floor, slipped and fell upon arising from the commode, injuring her back. Subsequent to her fall in the lavatory, wife-plaintiff was reevaluated in the emergency room of defendant-hospital where it was determined that she had sustained a compression of the dorsal plate of the D-10 vertebral body and was thereupon admitted to the defendant-hospital for treatment.

Section 309 of the Health Care Services Malpractice Act, 40 P.S. § 1301.309, provides:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim *brought by a patient* or his representative for loss or damages *resulting from the furnishing of medical services* which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider. . . ." (Emphasis supplied.)

Defendant-hospital alleges that since the condition of the lavatory floors have nothing to do with the furnishing of medical services, the arbitration panels do not have jurisdiction over this type of claim.

Our research does not disclose any cases wherein the same factual issues here presented were considered in determining the scope of our subject matter jurisdiction. However, there are a few cases in which various courts have had occasion to examine the scope of our subject matter jurisdiction as it relates to loss or damage resulting from the furnishing of medical services.

In Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 474-75, 383 A. 2d 1295, 1298 (1978), the

Commonwealth Court was asked to determine whether the Administrator's decision sustaining preliminary objections to the defendant-doctors' complaint joining a "nonhealth care provider" additional defendant was proper. In that decision, the Commonwealth Court stated:

"Our close examination of the Act, considering the provisions of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 et seq., leads to the inevitable conclusion that the legislature never intended the Arbitration Panels for Health Care to pass upon questions other than that of medical malpractice. . . . [T]he 'claim' intended to be justly determined is one 'for loss or damages resulting from the furnishing of medical services which were or which should have been provided.' Sections 309 and 401."

In holding that the joinder of such an additional defendant was unnecessary to determine whether one or more of the original defendants was guilty of medical malpractice, the court stated, 34 Pa. Commonwealth Ct. at 475, 383 A. 2d at 1298-99:

"The question of how the injury was caused may, and probably would, be germane to that issue, and the person who allegedly caused the injury could properly be called to testify; but the question of that person's possible liability is irrelevant. Were we to hold to the contrary, the Arbitration Panel would have jurisdiction over virtually every type of tort claim which contributes, however remotely, to an injury which is also partly caused or aggravated by an act of malpractice. We may not assume that the legislature attempted to place so impossible a burden upon the Arbitration Panels in the absence of

clear language in the Act indicating its intention to do so."

The standards enunciated in Gillette, supra, have been applied in the case of Herr v. St. Francis Hospital of New Castle, 9 D. & C. 3d 610 (1978), which concluded that the type of confinement prescribed for a psychiatric patient is considered part of the furnished medical services so that jurisdiction over his claim of negligence in failing to confine him in a secure area lies with the Arbitration Panels rather than with the courts of common pleas. The court of common pleas of Lawrence County, in applying the aforequoted statements from Gillette, supra, in dictum stated that: "Certainly not all negligence claims against a hospital should be directed to the arbitration panels. For example, the act might be considered inapplicable to a suit brought by a visitor to a hospital who slipped and fell in a newly-waxed corridor." 9 D. & C. 3d at 612. In dismissing plaintiffs' complaint for lack of subject matter jurisdiction, the court was of the opinion that plaintiffs' cause of action raised questions concerning the hospital psychiatric ward's supervision and restraint of a patient and was a subject intimately related to the medical or psychiatric treatment being received.

The case of Rothman v. Sacred Heart Hospital, 106 Montg. 67, 68 (1979), is in many ways similar to the instant situation. In that action, the Court of Common Pleas of Montgomery County was required to decide whether the act applied to a "slip and fall" case. In that action, plaintiff alleged that while she was a patient in a room in the defendant-hospital, leaky ice bags used to treat another patient in her hospital room created a wet

floor and that such condition caused her to slip, fall and suffer personal injuries. In response to defendant-hospital's preliminary objections raising the question of the jurisdiction of the court of common pleas, the court stated:

"The Act plainly is intended to cover *all* cases of alleged malpractice whether in the realm of advanced medical technocracy (sic) or in the common work-a-day routine, by a hospital respecting the care of its patients. . . . Part of the health care furnished by a hospital is the supplying of a room or part of a room for temporary use of the patient. Damages flowing from the hospital's negligence of omission or commission in furnishing such care must be claimed under the Act, supra." (Emphasis in original.)

In the instant situation, there is little question that defendant-hospital is a "health care provider" as defined in the act. However, we do not believe that defendant-hospital was acting as such at the time wife-plaintiff suffered the injuries which are the basis of her complaint. Rather, we feel that the complaint deals with the defendant-hospital's liability as a landowner and not a health care provider.

At the time wife-plaintiff sustained her injuries she had been discharged from the hospital and could no longer be considered to be a patient. Defendant-doctor had informed her that the X-rays were benign and she could return home. After leaving the Department of Physical Medicine and Rehabilitation she entered a lavatory where she slipped and fell. Our situation here is unlike the Rothman or Herr decisions where actions which could be characterized as "slip and fall" cases

clearly fell within the scope of the provision of medical services. In this case, wife-plaintiff's claims that the defendant-doctor was negligent in improperly diagnosing her condition and allowing her to leave his department unattended and that defendant-hospital is liable for that alleged negligence through the doctrine of respondeat superior will be determined by an arbitration panel. However, we do not believe that the facts in this case authorize us to assert jurisdiction over the plaintiffs' claim against defendant-hospital arising from the maintenance of its premises since such maintenance did not involve the rendition of medical services to a patient. Should we decide otherwise, a hospital would be subject to our jurisdiction for every conceivable type of negligent act committed on its premises, a result which we do not believe was intended by the legislature.

We therefore enter the following

## ORDER

And now, March 25, 1980, upon consideration of the foregoing opinion, it is hereby ordered and decreed that the preliminary objections of defendant Williamsport Hospital are sustained and paragraphs 11, 22, 23, 30(a), 30(b), 30(c), 30(d) and 30(e) are stricken from plaintiffs' complaint. Any party desiring a transfer to the Court of Common Pleas of Lycoming County of those portions of plaintiffs' complaint dealing with Williamsport Hospital's liability for negligent maintenance of its premises shall so petition the Administrator within 30 days from the date this order is certified from the record. Certified copies of all pleadings and docket entries will then be forwarded to the prothonotary of said court for appropriate proceedings thereon.